**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

AMY MCGREW,

        Plaintiff,

v.                                CIVIL ACTION NO.  2:08-cv-01209

NATIONWIDE MUTUAL INSURANCE COMPANY,

        Defendant.

**ORDER**

      Pending before the court is the defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment [Docket 27].  For the reasons discussed below, this Motion is **GRANTED**.

**I.    Background**

      This dispute arises from an automobile insurance policy purchased by Steven J. McGrew from Nationwide Mutual Insurance Company ("Nationwide"). (Mem. Supp. Def.'s Mot. Summ. J., Ex. 1.) The policy insured Mr. McGrew's 1999 Toyota 4Runner.  Steven McGrew was listed as the "Policyholder:  (Named Insured),"on the first page of the Auto Policy Declaration, but both Steven and his wife Amy were listed as "Insured Drivers" on the second page.

      On September 25, 2006, in Family Court of Kanawha County, West Virginia, Mr. McGrew and Ms. McGrew obtained a divorce.  (*Id.*, Ex. 2.)  Ms. McGrew was awarded possession of the Toyota 4Runner, and by August 2007, title to the car had been transferred to her.  (*Id.*, Ex. 3.)

      At some point late in the night on July 6 or early in the morning on July 7, 2007, the 1999 Toyota 4Runner was stolen from outside of Ms. McGrew's house.  (Complaint ¶ 4.)  Ms. McGrew

reported the theft to the local police department and to Nationwide, and an insurance claim was commenced. Ms. McGrew asserts that "[t]hroughout Nationwide's investigation she was contacted by representatives from Nationwide concerning the theft and referred to as the policy holder as noted in Nationwide's Claim Summary and Logs." (Pl.'s Mem. Opp'n Def.'s Mot. Summ. J. at 2.)

The vehicle was recovered by the police, but unfortunately was badly damaged in a police chase. (Mem. Supp. Def.'s Mot. Summ. J., Ex. 4.) Nationwide retained the services of CCC Value Scope Claim Services, which recommended a settlement amount of $12,969.60. (Pl.'s Mem. Opp'n Def.'s Mot. Summ. J., Ex. 16.) Nationwide made an offer of $3,952.50. (*Id.*, Ex. 17.) Ms. McGrew retained a lawyer, who sent Nationwide's representative a letter challenging this offer and demanding a fair offer. (*Id.*, Ex. 18.) On November 21, 2007, Nationwide settled the claim for $12,680.17. (Compl. ¶ 9.)

On September 15, 2008, the plaintiff filed her complaint in the Circuit Court of Kanawha County, West Virginia, bringing claims against Nationwide for bad faith, violations of the West Virginia Unfair Trade Practices Act, and negligence. She seeks damages for loss of use of vehicle; lost income; emotional distress; annoyance and inconvenience; punitive damages; and attorney fees. Nationwide timely removed this action to this court.

## II.    Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).

## III.    Analysis

The parties do not dispute the legal issues:  If Ms. McGrew is covered by the insurance policy, she may bring her claims, but if she is not covered, she has no rights to assert.  The parties disagree over what the facts indicate:  Was Ms. McGrew covered by the insurance policy, or not?

Nationwide points to language in the policy to support its argument that Ms. McGrew was not covered by the insurance policy.  The policy provides:

"POLICYHOLDER" means the first person named in the Declarations.  The policyholder is the named insured under this policy but does not include the policyholder's spouse.
"YOU" and "YOUR" mean:

a.) the policyholder and spouse, if resident of the same household, when the policyholder is a person . . .

(Mem. Supp. Def.'s Mot. Summ. J., Ex. 5 at D1.)  The policy also states that "[n]o interest in these coverages can be transferred without our written consent.  However, if the policyholder dies, the coverage will stay in force for the rest of the policy period.  They will apply for anyone having proper temporary custody of your auto."  (*Id.*, Ex. 5 at P6.)

Ms. McGrew argues that she was listed as an "insured driver" on the policy, and that the policy provides that "'INSURED' means one who is described as entitled to protection under each coverage."  (*Id.*, Ex. 5 at D1.)  She also argues that she was "recognized and identified by Nationwide as a policy holder through-out the claim proceeding." (Pl.'s Mem. Opp'n Def.'s Mot. Summ. J. at 6.)  Nationwide replies that Ms. McGrew should not have been a listed driver at the time of the theft, because Mr. McGrew had an obligation to notify Nationwide of the divorce.  (Def.'s Reply Supp. Summ. J. at 2.)  Nationwide also states that it dealt with Ms. McGrew during the claim investigation "because she was the individual with information regarding the theft" and because Mr. McGrew "asked Nationwide to make payment to Amy McGrew in accordance with their Divorce Order."  (*Id.* at 6.)  Nationwide also asserts that "[r]eferring to Amy McGrew as "policyholder" was merely a shortcut to address the individual with whom Nationwide was dealing because the Toyota was an insured vehicle."  (*Id.* at 7.)

I find that based on the language of the policy, Ms. McGrew was not a policyholder at the time of the theft.  Although she was listed as an "insured driver," it is clear that this listing was based on the misunderstanding that Steven and Amy McGrew were married.  In the "Marital Status" column of the "Insured Drivers" chart, both Steven and Amy are erroneously listed as "Married."  (Mem. Supp. Def.'s Mot. Summ. J., Ex. 1.)  The record also indicates that Nationwide erroneously

believed that Steven and Amy were still living together.  (Pl.'s Mem. Opp'n Def.'s Mot. Summ. J.,
Ex. 10 (authorization form to be signed by "STEVEN AND AMY MCGREW, residing at P.O. Box
265 Nitro WV 25143-0265").)  Nationwide plausibly alleges that Steven McGrew failed to notify
it of his change in marital status.  The policy clearly states that the term "policyholder" "does not
include the policyholder's spouse," although it contemplates that some language in the policy will
apply to the policyholder's spouse if they are residents of the same household.  (Mem. Supp. Def.'s
Mot. Summ. J., Ex. 5 at D1.)  At the time of the vehicle theft, Amy McGrew was not married to
Steven McGrew and was not residing in the same household as him.

A final question remains:  Is Ms. McGrew entitled to bring her claims against Nationwide
because it treated her as a policyholder, even though she did not meet the formal requirements under
the insurance policy?  Neither sides points to any legal authority on this point.  This court also has
come across no controlling authority.

However, I cannot find that Nationwide's actions effectively converted Ms. McGrew into
a policyholder.  The record indicates that Nationwide was misinformed as the facts of the McGrews'
relationship.  But those facts are now clear to all parties, and the language of the policy remains
ultimately controlling.  The facts that Nationwide admittedly worked with Ms. McGrew in resolving
the insurance claim, and that it referred to her in its claims log as "PH," do not have controlling legal
weight here.

In sum, Ms. McGrew may not bring these claims against Nationwide because she is not a
policyholder under the definitions in the policy and because Nationwide's handling of the Toyota
claim did not thereby confer policyholder status on her.  Thus, Nationwide's Motion for Summary
Judgment is **GRANTED**.

**IV.      Conclusion**

Defendant Nationwide Mutual Insurance Company's Motion for Summary Judgment [Docket 27] is **GRANTED**.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          October 20, 2009

Joseph R. Goodwin, Chief Judge